UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SAFMARINE, INC.,

        *Plaintiff*,

  -against-

COLUMBIA CONTAINER LINES (USA) INC.,

        *Defendant*,
----------------------------------X
COLUMBIA CONTAINER LINES (USA) INC.,

        *Third-Party Plaintiff*,

STONE PAVILION, INC.,

        *Third-Party Defendant*.
----------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

10-cv-1825(KAM)(RLM)

**MATSUMOTO, United States District Judge**:

      Plaintiff Safmarine, Inc. ("Safmarine") commenced this action against Columbia Containers Lines (USA) Inc. ("Columbia") pursuant to the Shipping Act of 1984, 46 U.S.C. §§ 40101 *et seq.* seeking to recover payment in the amount of $56,700 allegedly owed by Columbia for demurrage on shipping containers. (*See* ECF No. 1, Complaint.) Columbia then filed a third-party complaint against Stone Pavilion, Inc. ("Stone Pavilion") seeking indemnification, contract damages, and alleging Stone Pavilion's direct liability to Safmarine. (*See* ECF No. 13, Third-Party Complaint.) Although properly served, Stone Pavilion failed to respond to the third-party complaint or otherwise appear in this action, and on October 29, 2010, the Clerk of the Court entered a Notation of Default. (*See* ECF No. 16, Affidavit of Service; ECF

1

No. 26, Clerk's Entry of Default.)

Safmarine agreed to settle its dispute with Columbia in the amount of $12,500, preserving its right to receive any sums in excess of $12,500 that Columbia might recover from Stone Pavilion. (ECF No. 27, Stipulation and Order of Settlement.) Columbia filed a motion for default judgment against Stone Pavilion, and on November 2, 2010, this court referred the default motion to Magistrate Judge Roanne L. Mann for a Report & Recommendation ("R&R"). (*See* ECF No. 24, Motion for Default Judgment; Order Referring Motion dated 11/02/2011.)

Presently before the court is the R&R issued by Judge Mann on December 15, 2010, recommending "that a default judgment be entered against Stone Pavilion and that Columbia be awarded the full monetary relief sought, with all sums in excess of $12,500 to be remitted to Safmarine." (ECF No. 32, R&R, at 3.)

Notice of the R&R was sent electronically Safmarine and Columbia via the court's electronic filing system on December 15, 2010. (*See* Notice of Electronic Filing dated 12/15/2010.) The court attempted to serve a copy of the R&R on Stone Pavilion at its last known address, but the mailing was returned as undeliverable. (*See* Docket Notation dated 01/04/2011.)

As explicitly noted at the end of the R&R, any objections to Judge Mann's recommendations were to be filed on or before January 4, 2011. (*See* R&R, at 9.) The statutory period

for filing objections has expired, and no objections to Judge Mann's R&R have been filed.

In reviewing an R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where no objection to the R&R has been filed, the district court "'need only satisfy itself that there is no clear error on the face of the record.'" *Urena v. State of New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a review of the R&R, and considering that the parties have failed to object to any of Judge Mann's thorough and well-reasoned recommendations, the court finds no clear error in Judge Mann's R&R and hereby affirms and adopts the R&R as the opinion of the court. Therefore, the court orders that default

/
/
/
/
/
/
/
/
/

judgment be entered against third-party defendant Stone Pavilion, that Columbia be awarded a judgment against Stone Pavilion in the amount of $56,700, and that Columbia be ordered to remit to Safmarine any amounts collected from Stone Pavilion in excess of $12,500.

Columbia is directed to serve a copy of this Order on Stone Pavilion at all known addresses, and file a Certificate of Service on ECF by no later than August 5, 2011.  The Clerk of the Court is respectfully requested to enter judgment in accordance with this Order and to close this case.

**SO ORDERED.**

Dated:   August 1, 2011
         Brooklyn, New York

                                          /s/
                                   **Kiyo A. Matsumoto**
                                   United States District Judge
                                   Eastern District of New York